IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

08-CV-6289-BR

CAROL L. WIMER,

        Plaintiff,                  OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

DAVID W. HITTLE
388 State Street, Suite 1000
Salem, OR  97301
(503) 581-2421

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1  -  OPINION AND ORDER

**RICHARD A. MORRIS**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
Tel:  (206) 615-2256
Fax:  (206 615-2531

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff, Carol L. Wimer, seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Following a thorough review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed her most recent application for DIB on April 3, 2005.  Tr. 149.  The application was denied initially on June 21, 2005, and on reconsideration on September 13, 2005.  Tr. 94, 80.  The request for hearing was dismissed by the Administrative Law Judge (ALJ), on April 28, 2006, based on a late filing.  For good cause shown, however, the Appeals Council remanded the case to the ALJ on October 28, 2006 for a hearing,

2   -   OPINION AND ORDER

which was conducted on August 27, 2007.  Tr. 56-58.  At the
hearing, Plaintiff was represented by an attorney and testified
on her own behalf.  Nancy Bloom, a vocational expert (VE), also
testified at the hearing.  Tr. 391-396.

The ALJ issued a decision on October 29, 2007, in which he
found that Plaintiff was not disabled and therefore not entitled
to benefits.  Tr. 25-34.  That decision became the final decision
of the Commissioner on July 18, 2008, when the Appeals Council
affirmed the ALJ's decision as to Plaintiff's residual functional
capacity (RFC), but concluded that she was not disabled under the
medical vocational rules in 202.13 and 202.14.  Tr. 8-9.

## BACKGROUND

On the onset date, October 9, 2003, Plaintiff was a married,
51-year-old woman who had graduated from high school and beauty
school.  Tr. 34, 365-366, 376.  She was last employed as her
elderly mother's caretaker from 2000 until October 9, 2003, when
her mother was moved to a care facility.  Tr. 33.  Previously,
she worked in a plant nursery, and as a retail sales clerk, an
appointment clerk, beautician, and beauty school instructor.  Tr.
375-76.  Plaintiff's date last insured was March 31, 2004.  Tr.
33.

Plaintiff suffers from fibromyalgia, degenerative joint
disease in both knees, post-menisectomy of the right knee

3   -   OPINION AND ORDER

following arthroscopic surgery, moderate degenerative changes in her thoracic and lumbar spine, obesity and depression.  Tr. 32. At the time of hearing, she was five feet tall and weighed approximately 239 pounds, but weighed 268 pounds at the time of her application.  Tr. 387.

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  Tr. 23-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknow-ledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must determine the claimant's residual functional capacity (RFC), which "is an assessment of the sustained, work-related physical and mental activities" that the claimant can still do "on a

regular and continuing basis" despite her limitations.   20 C.F.R. § 404.1520(e).   *See also* Soc. Sec. Ruling (SSR) 96-8p.   A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."   SSR 96-8p, at *1.   In other words, the Social Security Act does not require complete incapacity to be disabled.   *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).   The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.   An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"   SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.   *Stout*, 454 F.3d at 1052.   *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.   *Stout*, 454 F.3d at 1052.   *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).   The

Commissioner may satisfy this burden through the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of October 9, 2003, through her last date insured of March 31, 2004.  Tr. 30.

At Step Two, the ALJ found that, through her last date insured, Plaintiff had the severe impairments of osteoarthritis of the knees, fibromyalgia and obesity and the non-severe impairment of depression.  Tr. 30.

At Step Three, the ALJ found that, through her last date insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.  Tr. 31. The ALJ also found that, through her last date insured, Plaintiff had the RFC to perform light work and could perform frequent climbing, balancing, stooping, crouching and crawling, but was limited to occasional kneeling.  Tr. 31.

At Step Four, the ALJ found that Plaintiff's past work did

not require the performance of work-related activities precluded by her RFC and, therefore, Plaintiff was not disabled.  Tr. 28-34.  Accordingly, the ALJ concluded Plaintiff was not disabled as of her date last insured and, therefore, he did not proceed to Step Five.

## APPEALS COUNCIL DECISION

The Appeals Council adopted the ALJ's findings and assessment of Plaintiff's RFC of light work in his Step Four analysis, but the Appeals Council also determined that Plaintiff had no past relevant work.  Tr. 8-9.  The Appeals Council concluded at Step Five that the issue of transferable skills was not material because the limitations of occasional kneeling and ability to frequently perform other postural activities leaves the sedentary and light job bases virtually intact.  Tr. 9. Accordingly, the Appeals Council found that Plaintiff was not disabled under the Medical-Vocational Guidelines, Rules 202.13 and 202.14.  Tr. 9.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) giving "significant weight" to the opinion of her treating physician, Jeanne Fitzpatrick, M.D.; (2) failing to consider Plaintiff's testimony about the effects of her obesity in determining her RFC; and (3)

rejecting the written lay witness statements.

## I. Dr. Fitzpatrick's Medical Opinion.

Plaintiff contends the ALJ erred when he gave significant weight to the medical opinion of Dr. Fitzpatrick, Plaintiff's treating physician from October 2005 to September 2006.  Tr. 33.

The opinion of a treating physician is generally accorded the greatest weight.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  When the medical opinion of an examining or treating physician is uncontroverted, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  An ALJ may reject a physician's opinion if it is based entirely on the claimant's subjective complaints and not supported by clinical evidence in the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In addressing medical opinions rendered after the period for disability, "medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis."  *Wakefield v. Astrue,* 267 Fed Appx. 682, 683, (9th Cir. 2008), citing *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1998).

Dr. Fitzpatrick's physician notes of September 12, 2006, state that, after a long discussion with Plaintiff, Dr. Fitzgerald would refer her for bariatric surgery and treatment of her fibromyalgia but would not help Plaintiff with her disability

10  -  OPINION AND ORDER

claim as, "I don't think she is disabled by her illnesses."  Tr. 33, 340.

Plaintiff contends the ALJ erred when he did not consider 20 CFR §404.1527(d)(2), which generally states an ALJ must consider a series of factors (not considered here), if the treating physician's assessment is not given controlling weight. Based on the plain language of the rule, however, these factors are only applied when the treating source's opinion is not given controlling weight.  That is not the case here.

Plaintiff also contends the ALJ erred because the determination of disability is a decision on administrative findings to be left to the Commissioner and asserts the ALJ relied solely on Dr. Fitzpatrick's opinion in concluding that Plaintiff was not disabled.  The ALJ's decision, however, was reached after an examination and discussion of the uncontroverted medical and vocational evaluations at Step Four of his analysis and after evaluating Plaintiff's conflicting testimony.  There is not anything in the ALJ's decision to suggest that he relied solely on Dr. Fitzpatrick's opinion as the basis for his determination.

On this record, the Court concludes the ALJ did not err when he gave significant weight to Dr. Fitzpatrick's medical opinion.

**II.  The ALJ's Evaluation of Plaintiff's Testimony.**

The test for rejecting a claimant's subjective symptom testimony is set out in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 1403, (9th Cir. 1991).  The *Cotton* test establishes two basic requirements for a claimant to present credible symptom testimony:  He must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Id.* at 1407.  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  General assertions that the claimant's testimony is not credible are insufficient.  "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

Here, the ALJ found Plaintiff's obesity to be a severe impairment at Step Two of his analysis and acknowledges that her obesity in combination with her other severe impairments of osteoarthritis and fibromyalgia could result in some degree of

symptoms.  Tr. 30.  Accordingly, the Court finds Plaintiff
satisfies the first two parts of the *Cotton* test.

Because there is not any evidence that Plaintiff is
malingering, the ALJ must provide clear and convincing reasons to
reject Plaintiff's testimony.  *Parra v. Astrue,* 481 F.3d 742, 750
(9th Cir. 2007).  When testimony relating to pain or other
limitations is unreliable, the ALJ must make a credibility
determination citing the reasons why the testimony is
unpersuasive.  *Valentine v. Comm'r SSA*, 574 F.3d 685, 693 (9th
Cir. 2009).  "If a claimant is able to perform household chores
and other activities that involve many of the same physical tasks
as a particular type of job, it would not be farfetched for an
ALJ to conclude that the claimant's pain does not prevent the
claimant from working."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th
Cir. 1989).  Evidence that directly contradicts contentions of
debilitating fatigue must be resolved.  *Valentine,* 574 F.3d at
693.

Plaintiff testified that she could knit or quilt for up to 2
hours before her hands began to ache, that she could perform
household chores like washing dishes or mopping but only if she
rested or sat on a stool while doing those activities, that she
required a motorized scooter while doing weekly grocery shopping
at Walmart, that she rested during the day, that she occasionally

13  -  OPINION AND ORDER

watched her grandchildren during the day, that she could no longer tolerate keeping her hands raised or the standing required of a hairstylist, that she could not walk for more than three blocks without resting, that she could only drive short distances due to pain, that she could sit only for up to two and a half hours, and that she engaged in volunteer church activities like serving meals and Christmas decorating. Tr. 374-75, 377, 379, 384, 388-89.

On a pain scale of zero to ten, Plaintiff rated the pain in her knees as a four or five, but occasionally an eight. Tr. 371-372. She rated her back and shoulder pain as a two or three, with an increase to eight a couple of times per week. Tr. 373. She feels pain in her knees, back and neck on a daily basis and her physicians have prescribed Vicodin and Tylenol for these symptoms. Tr. 300. She also takes Zoloft or Trasodone for depression, which manage that condition. Tr. 300-01.

"The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 88 5 F.2d 597, 603 (9th Cir. 1989). "In weighing a claimant's credibility, the ALJ may consider a claimant's reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and

third parties concerning the nature, severity and effect of the symptoms of which he complains." *Light v. Comm'r SSA*, 119 F.3d 789, 792 (9ᵗʰ Cir. 1997).  Activities of daily living, nevertheless, may serve to discredit testimony regarding a claimant's symptoms if the ALJ "makes a specific finding of fact" that the claimant "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Id*. at 603.

Here, the ALJ found Plaintiff's testimony regarding the intensity, persistence and limiting effects of these symptoms to be not entirely credible.  Tr. 33.

Specifically, the ALJ found Plaintiff not entirely credible when she provided inconsistent statements regarding her physical limitations when compared to her activities of daily living.  In particular, the ALJ found Plaintiff's daily activities included doing household chores, occasionally watching her granddaughter and regular volunteer church activities, and the ALJ found these activities to be inconsistent with Plaintiff's subjective testimony regarding pain and fatigue.  Tr. 33.

The ALJ also found Plaintiff not entirely credible because the objective medical evidence did not support her subjective claims of impairment.  Tr. 33.  The ALJ noted that, at Plaintiff's onset date, she was seen solely for complaints of

left otitis media.  Tr.  33.  Following a car accident in October
2003, Plaintiff was seen for neck and back pain, but she denied
pain in those areas to the treating physician during the previous
month.  Tr. 33.  The ALJ also noted that none of the treatment
notes addressing these symptoms reflected a need for a
wheelchair, a need to rest during the day or difficulties with
her hands, memory, or concentration.  Tr. 33.  These observations
are also consistent with the statement of Plaintiff's treating
physician that she did not believe Plaintiff was disabled due to
her illnesses.  Tr. 33, 340.

Based on this record, the Court concludes the ALJ provided
clear and convincing reasons to find Plaintiff's subjective
testimony less than entirely credible regarding the intensity,
persistence and limiting effects of her disability and,
accordingly, the ALJ did not err in discounting Plaintiff's
testimony.

**III. Plaintiff's Obesity.**

Plaintiff also contends the ALJ erred by not considering her
obesity in determining her RFC and thereby concluding at Step
Four that she could perform her past relevant work.

On the date of her application, Plaintiff was 5' tall and
weighed 268 pounds and, at the hearing in August 2007, she
weighed 239 pounds.  Tr. 387.  She contends that the ALJ did not
address the effects of her weight-related fatigue in his

16  -  OPINION AND ORDER

analysis.  When obesity is not merely a symptom of a diagnosed condition but an independent condition, the ALJ should consider the interactive effects of obesity on a claimant's ability to work and overall health.  *Celaya v. Halter*, 332 F.3d 1177, 1181 - 82. (9th Cir. 2003).

The ALJ found Plaintiff's obesity to be a severe impairment in his Step Two analysis.  Tr. 30.  Based on the opinions of Dr. Fitzpatrick and the State agency consultants, which the ALJ noted were consistent with the treatment records and accorded significant weight, Plaintiff was capable of performing light RFC capacity with occasional lifting to twenty pounds, frequently to ten pounds, sitting, standing and walking each approximately six hours in an eight-hour day, unlimited pushing and pulling, postural activities, such as climbing, balancing, stooping, crouching and crawling at a frequent level but limited to occasional kneeling.  Tr. 33, 325, 395.  In assessing Plaintiff's RFC, the ALJ found that "there is no evidence that her obesity results in further limitations" beyond the light work restrictions assessed.  Tr. 33.  The ALJ based this finding in part on Plaintiff's testimony regarding her activities of daily living and in part on the absence of medical evidence finding her obesity to be completely disabling.

On this record, therefore, the Court concludes the ALJ did

not err when he found that Plaintiff's testimony regarding the limiting effects of her obesity was not entirely credible.  The Court also concludes the ALJ did not err in assessing Plaintiff's RFC because her obesity was taken into account based on the medical and vocational evidence in the record.

**IV.  The ALJ's Rejection of Written Lay Testimony.**

Plaintiff contends the ALJ erred by rejecting the written lay testimony of Michael Wimer, Tamah Arce, John Peterson and Donna Cross.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  *Bruce v. Astrue 557 F3d 1113 (9th Cir. 2009), see also* 20 C.F.R. 404.1512(3)and 20 C.F.R. 404.1513(3)(c)(4).  Such testimony is competent evidence and "cannot be disregarded without comment." *Nguyen v. Chater* 100 F.3d 1462, 1467 (9th Cir. 1996).  If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness. *Valentine v. Comm'r SSA*, 574 F.3d 685, 693 (9th Cir. 2009).  One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.  *Lewis v. Apfel*, 236 F. 3d 503, 511 (9th Cir. 2001).

**A.  Michael Wimer.**

Plaintiff's husband, Michael Wimer, submitted a letter dated

July 3, 2007, which referenced her current and past pain dating
to 2002, and that she had difficulty with fatigue, walking,
climbing stairs and general mobility.  Tr. 165.

**B.  Tamah Arce.**

Plaintiff's daughter, Tamah Arce, submitted a letter dated
July 19, 2007, which states that due to the pain her mother
feels, she no longer knits and is limited in her daily activities
liking walking, shopping and caring for her grandchildren and
that she used a wheelchair when they go out if there is a lot
walking.  Tr. 166.

**C.  John Peterson.**

Plaintiff's Pastor since 2000, John Peterson, submitted a
letter dated July 3, 2007, which states that Plaintiff had
difficulty walking and standing through church service.  Tr. 164.

**D.  Donna Crow.**

Plaintiff's friend since 2000, Donna Crow, submitted a
letter dated July 3, 2007, which states that Plaintiff appears to
be in constant pain, that she has difficulty standing or sitting
for more than about 5 minutes at a time, and uses a motorized
cart to shop.  Tr. 163.

**E.  Discussion.**

The ALJ found these lay witness statements were not relevant
on the grounds that they were all provided more than three years

after Plaintiff's date last insured, and were not consistent with Plaintiff's medical records prior to her date last insured.  Tr. 33.

Plaintiff was seen initially for complaints of left otitis media in her knee and again in November 2003 for neck and back pain following a motor vehicle accident in October 2003.  Tr. 33, 171.  She denied having pain in those areas in the month prior to the accident, which is inconsistent with Plaintiff's own reports of debilitating pain in October 2003.  The statements of the lay witnesses describe a woman in constant pain who can barely walk, stand, or sit for more than a few minutes at a time, who cannot perform the basic functions of daily living without constantly stopping to rest, who required a wheelchair if there was a lot of walking, and who could no longer knit due to her limitations. Tr. 163-66.  They contradict Plaintiff's own testimony regarding her limitations as of her date last insured and are unsupported by the contemporaneous medical records from that period.

On this record, the Court finds the ALJ did not err when he rejected the written lay witness statements because he provided germane reasons based on substantial evidence in the record for finding the statements both untimely and inconsistent with Plaintiff's reported physical limitations and the objective medical records.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this __9th__ day of September, 2009.


__/s/ Anna J. Brown___
ANNA J. BROWN
United States District Judge